UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | ) Case No. 10-01484-dd |
| | ) |
| French Quarter Group, LLC; French Quarter Group II, LLC; and Grand Regency Group, LLC, | ) Chapter 7 |
| | ) |
| | ) Adversary Complaint No. 11-80159-dd |
| | ) 11-80160-dd |
| Debtors. | ) 11-80161-dd |
| | ) |
| Kevin Campbell, Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | ) **ORDER DENYING MOTIONS** |
| | ) **FOR SUMMARY JUDGMENT** |
| vs. | ) |
| | ) |
| Brian Taylor; Ken Taylor; Whiteoaks Management Corp.; Regency Resorts, Inc.; Regency Holdings Group, LLC; Resort Sales Missouri, Inc.; Resort Amenities Group, LLC; Regency Vacation Group, LLC; and Spinnaker Development Corporation, Inc., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a motion for summary judgment filed by the plaintiff, Kevin Campbell, Chapter 7 Trustee ("Plaintiff"), on January 17, 2013, and a motion for summary judgment filed by defendant Spinnaker Development Corporation, Inc. ("Spinnaker") on February 7, 2013. Each party responded in opposition to the other party's motion for summary judgment. A hearing was held on the cross-motions for summary judgment on February 28, 2013.

Each of the debtors in the bankruptcies underlying these adversary proceedings, French Quarter Group, LLC; French Quarter Group II, LLC; and Grand Regency Group, LLC, was involved in a timeshare development in Branson, Missouri. Each of the defendants in these

1

adversary proceedings also was involved in this project, which consisted of twelve contemplated condominium building pad sites and property for building resort amenities. Spinnaker became the legal owner of defendant Regency Holdings Group, LLC in 2005. At the time Spinnaker became legal owner of Regency Holdings Group, Spinnaker wholly-owned and managed defendant Regency Resorts, Inc., which was formed for the purpose of acquiring and holding the ownership interests of Regency Holdings Group. Regency Holdings Group, in turn, served as the holding company and manager of other entities defendant Brian Taylor previously had formed, including each of the debtors. Defendant Ken Taylor, who was the father of Brian Taylor, was the president of Spinnaker. Spinnaker filed a proof of claim in excess of $6 million in the underlying bankruptcies.

After a foreclosure proceeding began on building 8 of the timeshare project, each debtor filed a separate bankruptcy petition under chapter 7 of the Bankruptcy Code in 2010.[1] On February 29, 2012, this Court entered an Order that these bankruptcies were to be consolidated and jointly administered with the French Quarter Group, LLC, No. 10-01484-dd, as the lead case. On October 7, 2011, Plaintiff initiated an adversary proceeding on behalf of each of the three debtors. Essentially, the three adversary proceedings have been treated as one jointly administered and consolidated case throughout the litigation as the same complaint was filed in each adversary proceeding naming the same defendants.[2]

On January 17, 2013, Plaintiff filed a stipulation of dismissal of all of his causes of action

---

[1] The French Quarter Group, LLC bankruptcy was assigned case number 10-01484-dd, the French Quarter Group II, LLC bankruptcy was assigned case number 10-01486-dd, and the Grand Regency Group, LLC bankruptcy was assigned case number 10-08816-dd.

[2] An amended complaint was filed in the French Quarter Group adversary, No. 11-80159-dd, on October 24, 2011, but not in the other adversary proceedings. The only change appears to be that the signature of the plaintiff's attorney is added because it was missing from the initial complaint in No. 11-80159. This signature was not missing from the initial complaints filed in the other two adversary proceedings.

against Ken Taylor; Regency Resorts, Inc.; Regency Holdings Group, LLC; Resort Sales Missouri, Inc.; Resort Amenities Group, LLC; and Regency Vacation Group, LLC. He also stipulated to the dismissal of all of his causes of action against Spinnaker with the exception of his equitable subordination cause of action. As a result, the only remaining causes of action are all of Plaintiff's causes of action against Brian Taylor and Whiteoaks Management Corp. and his equitable subordination cause of action against Spinnaker.

Plaintiff moved for summary judgment on his equitable subordination cause of action against Spinnaker, which also moved for summary judgment. Under 11 U.S.C. § 510(c)(1), a bankruptcy court may, "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." "Generally, equitable subordination involves a number of inquiries: 1) whether the claimant engaged in fraudulent conduct, 2) whether the conduct resulted in injury to creditors and 3) whether subordination would be consistent with other bankruptcy law." *In re ASI Reactivation, Inc.*, 934 F.2d 1315, 1321 (4th Cir. 1991); *see also United States v. Noland*, 517 U.S. 535, 538-39 (1996). Under a typical § 510(c) analysis, the inequitable conduct of a claimant "generally involves conduct such as fraud, breach of fiduciary duty, illegality, under-capitalization, or use of the Debtor as an alter ego." *In re Hoffman Assoc., Inc.*, 194 B.R. 943, 965 (Bankr. D.S.C. 1995).

Applying the standard set forth in Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, and the Supreme Court's decisions in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Court denies the motions for summary judgment filed by Plaintiff and Spinnaker. The Court finds that neither Plaintiff nor

Spinnaker has shown there is no genuine dispute of material fact such that Plaintiff or Spinnaker is entitled to judgment as a matter of law.  More specifically, neither party has shown there is no genuine dispute of material fact regarding whether Spinnaker engaged in inequitable conduct such that its claim should be subordinated.  In addition, to the extent Plaintiff asserts Brian Taylor engaged in inequitable conduct while acting as an agent of Spinnaker, Plaintiff has not demonstrated an agency relationship existed.  Although Plaintiff cites documents suggesting Brian Taylor may have been an agent of Regency Holdings Group, LLC, he does not refer to any documents clearly showing Brian Taylor was an agent of Spinnaker.  Plaintiff also has not cited any authority demonstrating that if Brian Taylor was an agent of Regency Holdings Group, which was owned by Regency Resorts, which was, in turn, owned by Spinnaker, he would also, by default, be an agent of Spinnaker.  Furthermore, "[w]hen conduct is found which would warrant the application of equitable subordination, 'the doctrine is remedial, not penal, and should be applied only to the extent necessary to offset the specific harm that the creditors suffered on account of the inequitable conduct.'"  *Hoffman Assoc.*, 194 B.R. at 965 (quoting *In re Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir. 1991)).  Plaintiff has not shown that the alleged inequitable conduct of Spinnaker is such that this Court should subordinate its claim to the claims of all other creditors in this case.

In addition to his equitable subordination claim, Plaintiff moves for summary judgment on the issue of whether the debt Spinnaker claims the debtors owe to it should be recharacterized as equity in the debtors.  *See, e.g.*, *In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231-34 (4th Cir. 2006).  However, recharacterization was not part of Plaintiff's complaint initiating these adversary proceedings and is thus not properly before the Court on a motion for summary judgment in said adversary proceedings.  Therefore,

4

the issue of recharacterization will be resolved in connection with the amended objection to the proof of claim of Spinnaker the Chapter 7 Trustee filed in the underlying bankruptcy.[3]

For the reasons set forth herein, Plaintiff's motion for summary judgment is denied, and Spinnaker's motion for summary judgment is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/03/2013**



Entered: 04/04/2013

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

---

[3] Plaintiff's equitable subordination cause of action has been consolidated for trial with the other objections the Chapter 7 Trustee asserts to Spinnaker's proof of claim.